IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 DEC 28 P 2: 02

Sylvia Ann Ferguson, )
    Plaintiff, )    Case No. 4:09-03310-RMG-TER
)
v. )    **ORDER**
)
Michael J. Astrue, Commissioner of Social )
Security Administration, )
    Defendant. )
_____ )

The plaintiff, Sylvia Ann Ferguson, brought this action pursuant to the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying the plaintiff's claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, et seq., D.S.C., this matter was referred to Magistrate Judge Thomas E. Rogers, III for pretrial handling.

On November 22, 2010, the Magistrate Judge filed a Report and Recommendation ("Report") wherein he recommended that the Commissioner's decision be reversed and that the case be remanded to the Administrative Law Judge ("ALJ") for further proceedings. (Dkt. No. 21). As the Magistrate Judge explained, this recommendation was necessary because of the "ALJ's improper analysis and inadequate explanation of [her] assessment of the opinions of the treating and examining physicians." The defendant objected, arguing that the Magistrate Judge "inappropriately re-weighed the evidence in this case." (Dkt. No. 23).

For the reasons set forth below, after a *de novo* review of the Record and the defendant's objections, this Court adopts the Report of the Magistrate Judge and remands this matter to the ALJ for further administrative proceedings consistent with this Order.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could

accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d, 514, 517 (4th Cir. 1987).

## DISCUSSION

In her request for judicial review of the Commissioner's decision, the plaintiff argues that the ALJ erred by not affording controlling weight to the medical source statement given by Dr. Boyd, the plaintiff's treating physician. Likewise, the plaintiff further argues that the ALJ erred by failing to give proper weight to the opinions of Drs. Seastrunk, Kooistra, and Tollison, and Margalit. (Plaintiff's Brief). The defendant, on the other hand, contends otherwise and argues that substantial evidence supports the determination that the plaintiff is not disabled.

When a claimant applies for DIB, the regulations require that all medical opinions in a case be considered. 20 C.F.R. § 404.1572(b). Nevertheless, the opinions of a treating physician are accorded special status. *See* 20 C.F.R. § 404.1572(d)(2). "Courts typically 'accord greater weight to the testimony of a treating physician because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart*, 434 F.3d, 650, 654 (4th Cir. 2005)). This rule "requires that the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Thomas v. Commissioner*, 24 Fed. Appx. 158 (4th Cir. 2001) (per curiam). However, the treating physician's opinions are not automatically given controlling weight. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). "It is error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is

inconsistent with the other substantial evidence in the case record." Social Security Ruling (SSR) 96-2p, 61 Fed. Reg. 34490-01, 34491. *See also* 20 C.F.R. § 404.1527. Therefore, a treating physician's opinion is entitled to controlling weight as long as it is supported by clinical evidence and remains consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

## A. Weight given to the opinion of Dr. Boyd

Wallace Boyd, M.D., an orthopedist, treated the plaintiff from November 2004 through May 2005. (Tr. 69, 287). He concluded that the plaintiff should be permanently restricted from climbing, working on her knees, or lifting more than twenty pounds. (Tr. 287). Dr. Boyd based his conclusion on objective, medically-acceptable evidence, including MRIs. (Tr. 367). Furthermore, as discussed below, Dr. Boyd's conclusion is consistent with other substantial evidence in the record; two other physicians who examined the plaintiff in regards to her knee problems–orthopedist Dr. Seastrunk in 2006 and family physician Dr. Margalit in 2009–both found that she should be given permanent restrictions similar to those placed on her by Dr. Boyd in 2005. (Tr. 302, 29). Therefore, because Dr. Boyd's opinion is well-supported by sound clinical and diagnostic techniques and because it is corroborated by other substantial evidence in the record, it is entitled to controlling weight.

Nevertheless, the ALJ chose not to give Dr. Boyd's opinion controlling weight and instead determined that the plaintiff could "lift 20 pounds occasionally" and "climb ladders, ropes, or scaffolds, and occasionally kneel, crouch, or craw[l]." (Tr. 68). Furthermore, the ALJ never explained why Dr. Boyd's opinion was not entitled to controlling weight. In this sense, the ALJ's decision does not accurately reflect the medical record in this matter, and proper deference was not given to the plaintiff's treating physician.

## B. Weight given to the opinion of Dr. Seastrunk

Dr. Seastrunk, an orthopedist, performed an independent medical evaluation of the plaintiff in 2006 and reached an opinion quite similar to that of Dr. Boyd. Dr. Seastrunk concluded that the plaintiff should not stand for more than one hour during any eight-hour period, that she should refrain from squatting, kneeling, and climbing, and that she should not lift anything weighing more than ten pounds. (Tr. 302). Dr. Seastrunk reached this conclusion only after performing a physical examination of the plaintiff, reviewing her past medical history and MRIs, and ordering his own X-rays for review. (Tr. 301).

Despite these measures, the ALJ decided to "give little weight to the opinion of Dr. Seastrunk" because it "was not supported by diagnostic and clinical findings and [was] inconsistent with the record when considered in its entirety." (Tr. 71). Once again, the ALJ's reasoning is flawed and does not accurately reflect the medical record in this matter. Contrary to the ALJ's explanation, Dr. Seastrunk's opinion was supported by diagnostic and clinical findings including X-rays, a physical exam, and a review of past medical records and MRIs. Moreover, Dr. Seastrunk is an orthopaedic specialist, he gave a thorough explanation for his opinions, and his conclusion is consistent with the one reached by the treating orthopedist, Dr. Boyd. Thus, the record does not support the reason given by the ALJ for discounting Dr. Seastrunk's opinion and findings.

## C. Weight given to the opinion of Dr. Kooistra

Neurologist Carol A. Kooistra, M.D., evaluated the plaintiff for hand numbness and pain in April 2006. Dr. Kooistra conducted a clinical exam and observed that the plaintiff was suffering from atrophy, weakness, and loss of sensation. (Tr. 327). After running certain tests, Dr. Kooistra diagnosed the plaintiff with bilateral carpal tunnel syndrome and a right trigger finger. (Tr. 327). Although Dr. Kooistra did not provide specific functional limitations, her findings are consistent with

and provide clinical support for the plaintiff's claims of pain and limited functioning in her hands. (Tr. 104-05).

The ALJ, however, decided to reject Dr. Kooistra's opinion because it was "not supported by diagnostic and clinical findings" and was "inconsistent with the record when considered in its entirety." (Tr. 71). But, as before, the ALJ did not conduct a proper analysis of this physician's opinion and findings. Dr. Kooistra specializes in neurology, she examined and tested the plaintiff, and her opinion was not inconsistent with other medical findings relating to the plaintiff's hands. For example, in October 2007 Dr. James A. Essman, with the Carolina Hand Center, also noted that the plaintiff experienced pain, numbness, and limited mobility in her hands. (Tr. 418). Therefore, the ALJ's reason for dismissing Dr. Kooistra's opinion is not supported by the record.

### D. Weight given to the opinion of Dr. Tollison

In December of 2006, Dr. C. David Tollison, a clinical psychologist, administered the Minnesota Multiphasic Personality Inventory test on the plaintiff. The result of this test revealed that the plaintiff was suffering from both depression and anxiety. (Tr. 401). Dr. Tollison stated that the plaintiff's physical problems "likely occupy much of her thought and attention and she may have difficulty maintaining focus and attention over time due to distraction." (Tr. 401). As a result, Dr. Tollison also determined that the plaintiff had a moderately impaired ability to maintain concentration or adapt to stressful situations. (Tr. 402).

In reaching her decision, the ALJ appears to have ignored the opinion and evaluation of Dr. Tollison because there is no mention of Dr. Tollison's report anywhere in the decision. Therefore, the ALJ did not conduct a proper analysis because she did not provide an explanation with regard to the functional limitations resulting from the plaintiff's depression and anxiety. When the ALJ fails to provide the reviewing court an explanation of the basis for finding, or not finding, functional

restrictions, then the ALJ's decision is without substantial basis. *See Payne v. Barnhart*, 366 F.Supp.2d 391 (W.D.Va. 2005) (in determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ sufficiently explained her findings and her rationale in crediting evidence).

### E. Weight given to the opinion of Dr. Margalit

The plaintiff, after receiving an unfavorable opinion from the ALJ, provided a new medical evaluation from Dr. Gal Margalit performed in August 2009, approximately five months after the hearing decision. Dr. Margalit conducted a detailed physical examination and reviewed the plaintiff's medical records. (Tr. 7-26). After doing so, Dr. Margalit concluded that the plaintiff "is disabled from any form of gainful employment secondary to her combination of serious medical problems that are chronic in nature and will likely worsen." (Tr. 29). Although the Appeals Council admitted this evidence into the record, the Council, in deciding not to review the ALJ's decision, simply stated that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2). The plaintiff argues that the Council's failure to elaborate constitutes reversible error while the defendant contends that the Council did not err by not articulating its reasoning for concluding the additional evidence provided no basis for changing the ALJ's decision.

The failure of the Appeals Council to make any findings regarding the newly presented evidence and the weight afforded the evidence presents a real problem for the Court in exercising its duty to undertake a meaningful judicial review of the administrative decision in this matter. *DeLoatche v. Heckler*, 715 F. 2d 148, 150 (4th Cir. 1983). The Court's review process requires a review of the findings of the Commissioner and a determination of whether those findings are supported by substantial evidence. When the ALJ has not reviewed newly produced evidence and the "court is left in the dark as to how the Appeals Council treated new evidence a meaningful judicial

review is impossible." *Harmon v. Apfel,* 103 F. Supp 2d 869, 874 (D.S.C. 2000) (J. Norton), *citing, Riley v. Apfel,* 88 F. Supp 2d 572, 579 (W.D. Va. 2000). Thus, the Fourth Circuit has held that when new evidence is submitted to the appeals council, the court must indicate explicitly that such evidence has been weighed and the weight it was given. *Jordan v. Califano,* 582 F.2d 1333, 1335-36 (4th Cir.1978) (noting that the ALJ must "consider all relevant evidence, including that [given to the appeals council], and must indicate explicitly that such evidence has been weighed and its weight."). The Record reveals that was not done here.

A number of District Courts within the District of South Carolina and within the Fourth Circuit have confronted this particular situation where new evidence was not considered by the ALJ, and the Appeals Council, when declining to review the matter, failed to make any findings regarding the new evidence or indicate the weight provided this evidence. *See, Raymond v. Astrue,* 2009 WL 632317 at 5 (D.S.C. 2009) (J. Blatt); *Grant v. Astrue,* 2009 WL 632271 at 3-4 (D.S.C. 2009);, 235 F. Supp 2d 445, 449 (D. Md. 2002); *Hawker v. Barnhart Harmon v. Apfel,* 103 F. Supp 2d at 874; *Alexander v. Apfel,* 14 F. Supp 2d 839 (W.D. Va. 1998). These Courts have remanded the cases to the Commissioner to make sufficient findings upon which meaningful judicial review can be made. As Judge Norton noted in *Harmon,* "the court is caught between trying to provide meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ." 103 F. Supp 2d at 872. Further, as Judge Blatt concluded in *Raymond,* "when neither an administrative law judge nor the Appeals Council indicate the weight accorded new evidence, a remand is proper." 2009 WL 632317 at 5. Similarly, in *Sapienza v. Astrue,* 2010 WL 3781998 (D.S.C. 2010) (J. Herlong), in reliance on *Jordan,* the Court remanded in order for the administrative body to make explicit findings regarding the new evidence and indicate the weight it was given.

The Commissioner argues that the Fourth Circuit's decision in *Wilkins v. Secretary*, 953 F. 2d 93 (4th Cir. 1991) controls here and mandates that no remand is proper to consider the weight to be given to evidence produced for the first time to the Appeals Council. But *Wilkins* deals with a distinctly different situation where the newly produced evidence at the Appeals Council stage involved uncontested medical records from a treating physician, which essentially controlled the outcome of the case. The Fourth Circuit reversed the denial of the disability benefits on the basis of the new evidence and remanded. Here, the new evidence, while relevant and material to the issues to the dispute, does not compel a particular result but must be weighed by the Commissioner in light of all of the evidence available in the record. The Commissioner, and not the Court, must weigh that evidence, which mandates the remand.

This situation is factually analogous with the Fourth Circuit's decision in *Jordon v. Califano*, 582 F.2d 1333 (4th Cir. 1978), which involved the denial of black lung benefits. The claimant, like the Plaintiff here, submitted new medical evidence to the Appeals Council after the ALJ's decision. The Appeals Council summarily addressed the new evidence in denying review, using similar language to that of the Appeals Council in this action. The Fourth Circuit reversed and remanded the decision, noting that its review was on a substantial evidence standard. "Before we determine the substantiality of the evidence to support the administrative determination, we first ascertain whether the Secretary has discharged his duty to consider all relevant evidence. A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court . . . ." *Id.* at 1335. The Court went on to state that "conclusory administrative determinations may conceal arbitrariness." *Id.*

Thus, upon remand, based on *Jordan*, the ALJ should subject Dr. Margalit's opinion and report to a proper evaluation. Likewise, as discussed above, the ALJ failed to properly analyze the

opinions of Drs. Boyd, Seastrunk, Looistra, and Tollison. Consequently, because of these improper analyses, this Court is precluded from conducting a proper review of the record to determine if there was substantial evidence to support the ALJ's decision. Accordingly, this Court finds it necessary to remand this matter for further explanation and consideration. The ALJ should conduct a proper analysis of the plaintiff's treating and examining physicians' opinions with regard to the plaintiff's physical and mental limitations. Once a proper analysis has been conducted, the ALJ should reassess the plaintiff's credibility and Residual Functional Capacity for a proper review.

## CONCLUSION

Based on the above, this matter is **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and **remanded** on the points above to the ALJ for further consideration as outlined in this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court

December 28, 2010
Charleston, South Carolina